IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW and SONIA WYATT  :  CIVIL ACTION
           :
  v.         :
           :
ALLSTATE INSURANCE COMPANY :  NO. 02-4077

M E M O R A N D U M   &   O R D E R

SURRICK, J.             December 11, 2002

   Presently before the Court is Plaintiffs' Motion to Remand to the Philadelphia Court of

Common Pleas (Doc. No. 2), and Defendant's response thereto.  Plaintiffs contend that

Defendant failed to timely file its Notice of Removal.  Defendant first received notice of this

action when Plaintiffs' Complaint was served by first class certified mail on March 4, 2002.  (Pl.

Motion to Remand ¶ 7 & Ex. D).  On June 26, 2002, nearly four months after it initially received

notice, Defendant filed its Notice of Removal to this Court.  Plaintiffs argue that Defendant was

required to file such notice within thirty days of being served with Plaintiffs' Complaint.

Defendant contends that the thirty day period for filing its Notice of Removal did not begin to

run until June 11, 2002, when Plaintiffs' counsel filed a Case Management Conference

Memorandum setting forth a settlement demand of $300,000.  For the reasons that follow, we

conclude that Defendant failed to timely file its Notice of Removal.  Accordingly, Plaintiffs'

Motion to Remand will be granted.

**I.**  **FACTS**

   On October 29, 2001, the home of Plaintiffs Andrew and Sonia Wyatt ("Plaintiffs")

suffered damage due to a fire.  At the time of the fire, Plaintiffs had a homeowners insurance

policy which they had purchased from Defendant Allstate Insurance Company ("Defendant").
The policy covered the property for one year beginning on July 20, 2001 and provided up to a
total of $187,200 of protection for their dwelling, other structures, and personal property.  The
policy also provided coverage for additional living expenses for a period of up to twelve months.
(Pl. Compl. Ex. A).  Plaintiffs claim that Defendant has wrongfully refused to indemnify them
for the loss that they sustained as a result of the fire.  (Pl. Compl. at 2).

Plaintiffs filed a Complaint in the Court of Common Pleas of Philadelphia County on
February 25, 2002.  (1st Jud. Dist. Civ. Docket Rept. at 2).  As above indicated, Allstate was
served with the Complaint on March 4, 2002.  The Complaint contains two counts.  Count 1
alleges breach of contract and seeks damages in excess of $50,000.  Count 2 alleges bad faith[1]
and seeks damages in excess of $50,000.  (Pl. Compl. at 1-3).

A Case Management Conference was held on June 11, 2002, in the Philadelphia County
Court.  At the conference Plaintiffs submitted, as required, a Case Management Conference
Memorandum.  The Memorandum contained a settlement demand of $300,000.  (Def. Notice of
Removal ¶ 6).  On June 26, 2002, Defendant filed a Notice of Removal to this Court.  On July 3,
2002, Plaintiffs filed the instant Motion.

## II.    ISSUE PRESENTED

---

[1]Plaintiffs' Complaint does not specifically reference Pennsylvania's bad faith statute, 42
Pa. Cons. Stat. Ann. § 8371.  However, Plaintiff need not specify a statute that Plaintiff contends
the Defendant violated.  Plaintiff need only allege the material facts which form the basis of a
cause of action under the statute.  See, e.g., Pennsylvania State Troopers Ass'n v. Pennsylvania
State Police, 667 A.2d 38, 41 n.6 (Pa. Commw. Ct. 1995).  See also 4 Standard Pennsylvania
Practice 2d § 21:38 (recognizing that because Pennsylvania is a fact pleading state, a plaintiff
need not specify a statute that he or she contends the defendant violated).  Plaintiff has alleged
facts sufficient to form the basis of a claim under § 8371.

The issue as framed by the parties is whether Plaintiffs' Complaint, which alleges two claims—one for breach of contract "in excess of $50,000," and the other for bad faith "in excess of $50,000"—put Defendant on notice on March 4, 2002, that this case was removable to federal court.

### III.     STANDARD

28 U.S.C. § 1446 governs removal of cases from state to federal court and provides as follows:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .

A civil action in which a district court would have original jurisdiction may be removed. 28 U.S.C. § 1441(b).  Cases are removable on the basis of diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332. However, "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'"  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)), cert. denied, 498 U.S. 1085 (1991).  Moreover, our Supreme Court has advised that

"[t]he rule governing dismissal for want of jurisdiction in cases brought in federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."   St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).  See also Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045-46 (3d Cir. 1993) (citing St. Paul).

The Third Circuit, in the case Foster v. Mutual Fire, Marine & Inland Insurance Co., 986 F.2d 48 (3d Cir. 1993), established the standard for determining when the thirty day removal period begins to run.  The court discussed and rejected a subjective test that depended upon when a defendant actually became aware that the case was removable and concluded:

> "The inquiry begins and ends within the four corners of the pleading.  The inquiry is succinct: whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present. . . ."  We hold that § 1446(b) requires defendants to file their Notices of Removal within thirty days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction. . . .

Id. at 53-54 (quoting Rowe v. Marder, 750 F. Supp. 718, 721 (W.D. Pa. 1990), aff'd, 935 F.2d 1282 (3d Cir. 1991)).

## IV.    DISCUSSION

Our inquiry focuses on whether Plaintiff's Complaint informs the reader to a substantial degree of specificity that all the elements of federal jurisdiction are present.  The Complaint clearly identifies Plaintiffs as residents of Philadelphia, Pennsylvania and Defendant as an "out of state" insurance company located in Northbrook, Illinois.  The existence of diversity of citizenship is not disputed.   The parties do dispute, however, whether the amount in controversy requirement has been met in the Complaint.  Defendant argues that (1) it is not evident from the

4

face of the Complaint that the amount in controversy exceeded the jurisdictional amount, since

Plaintiffs did not attach a document or estimate identifying the amount of damages plaintiffs

intended to claim; (2) the Complaint states only that the amount in controversy is in "excess of

$50,000", and that in accordance with the "clear language" of § 1446(b), it could not be

ascertained whether this action was removable; and (3) Defendant did not receive notice that the

amount in controversy exceeded $75,000 until it received the written settlement demand of

$300,000.  (Def. Reply ¶ 10; Def. Mem. of Law at 3, 6).  Plaintiff, on the other hand, argues that

the amount in controversy was clearly evident from the face of the complaint.  Plaintiff also

argues that Defendant's file contained clear indications that Plaintiffs' claim exceeded the

jurisdictional amount "before suit was ever filed."  (Pl. Motion to Remand ¶ 10).

As noted above, the test for whether the thirty day removal period has begun to run is

whether the document, in this instance the Complaint,  informs the reader, to a substantial degree

of specificity, that all the elements of federal jurisdiction are present.  There is no specific

requirement, as Defendant seems to suggest, that a plaintiff attach documents and/or estimates

substantiating the amount of damages that a plaintiff claims.  Moreover, contrary to Plaintiffs'

argument, Defendants' subjective knowledge is not controlling.

The case of Powers v. FMC Corp., 155 F. Supp. 2d 307 (E.D. Pa. 2001), is instructive.  In

Powers, the plaintiffs initiated an action by filing a praecipe to issue writ of summons.  The court

found that the only indicator of the amount in controversy in the documents filed at the time of

the filing of the praecipe was a form that required the plaintiffs to indicate whether the amount in

controversy exceeded $50,000.  The plaintiffs indicated that the amount in controversy did

exceed $50,000.  However, nothing in the filings informed the reader of how much more than

$50,000 the Plaintiffs would be seeking.  The <u>Powers</u> court concluded that the praecipe and

forms filed therewith were inadequate to establish, to a substantial degree of specificity, that the

amount in controversy was greater than $75,000.

The plaintiffs in <u>Powers</u> subsequently filed a complaint which contained four separate

counts.  Each count claimed damages "in excess of $50,000."  The first three counts, which

sounded in negligence, strict liability and breach of warranty, claimed injury to Richard Powers.

The fourth count, a loss of consortium claim, involved Powers' wife, Mary Kay Powers.  The

court concluded that the first three counts taken together, plus the fourth count, put the defendant

on notice that the amount in controversy was at least $100,000.  The court explained that while

the negligence, strict liability, and breach of warranty counts were merely different theories of

recovery for the same underlying injury, the loss of consortium claim, although derivative and

dependant on the other counts, was nonetheless distinct from the first three counts.  Since the

loss of consortium count was distinct, the court concluded that "aggregation is appropriate with

respect [to] that count."  <u>Powers</u>, 155 F. Supp. 2d at 310.  <u>See also</u> <u>C.D. Peacock, Inc. v. Neiman</u>

<u>Marcus Group, Inc.</u>, 1998 WL 111738, at *4-5 (E.D. Pa. Mar. 9, 1998) (finding that the claims of

tortious interference with contract and tortious interference with business relations were

sufficiently distinct, based on the allegations presented, to allow aggregation, and noting that

"because the damages sought for each claim [in the Complaint] is in excess of $50,000.00, the

requisite jurisdictional amount is clearly satisfied when the two claims are aggregated").  <u>Cf.</u>

<u>International Fleet Auto Sales, Inc. v. National Auto Credit</u>, 1999 WL 95258, at *2 (E.D. Pa.

Feb. 22, 1999) (concluding one claim for breach of contract and one claim for an entitlement to

an accounting, each for $50,000, that are pleaded merely as alternative bases of recovery for the

same loss do not on their face establish the requisite amount in controversy).

In the instant case, Plaintiffs' Complaint contains two separate counts, each with an *ad damnum* clause seeking damages in excess of $50,000. In the first count, Plaintiffs claim breach of contract and seek damages in excess of $50,000. (Compl. at 2). In the second count, Plaintiffs claim that Defendant acted in bad faith and seek damages in excess of $50,000. Like the loss of consortium claim in <u>Powers</u>, the bad faith claim in Plaintiffs' Complaint is sufficiently distinct from the breach of contract claim to put the reader on notice that the aggregated amount in controversy is in excess of $100,000.

Our courts have consistently found that bad faith claims are not merely alternative claims for the same injury suffered as a result of breach of contract. The claims are separate and distinct. <u>See</u>, <u>e.g.</u>, <u>Doylestown Electrical Supply Co. v. Maryland Cas. Ins. Co.</u>, 942, F. Supp. 1018, 1018 (E.D. Pa. 1996) (noting that under Pennsylvania law, a claim for bad faith is a separate and distinct cause of action and "is not contingent on the resolution of the underlying contract claim"); <u>Winterberg v. CNA Ins. Co.</u>, 868 F. Supp. 713, 722 (E.D. Pa. 1994), <u>aff'd</u>, 72 F.3d 318 (3d Cir. 1995)); <u>Margolies v. State Farm Fire and Cas. Co.</u>, 810 F. Supp. 637, 642 (E.D. Pa. 1992) (concluding that a bad faith claim brought under § 8371 is independent of the underlying breach of contract claim); <u>Adamski v. Allstate Ins. Co.</u>, 738 A.2d 1033, 1039 n.5 (Pa. Super. 1999) ("A bad faith action under section 8371 is neither related to nor dependent on the underlying contract claim against the insurer."); <u>March v. Paradise Mut. Ins. Co.</u>, 646 A.2d 1254, 1256 (Pa. Super. 1994), <u>appeal denied</u>, 656 A.2d 118 (Pa. 1995) (observing that the Pennsylvania legislature created a cause of action for bad faith on the part of insurers "to provide additional relief [beyond that afforded by a successful breach of contract claim] to insureds and to

7

discourage bad faith practices of insurance companies"). See also Margolies, 810 F. Supp. at 642 ("The evolving jurisprudence in this district has held that § 8371 creates a separate and distinct cause of action."). In addition, at least one other district court in the Eastern District of Pennsylvania has found it appropriate to aggregate breach of contract and § 8371 bad faith claims in determining the amount in controversy for purposes of diversity jurisdiction. In Antonetz v. Royal Insurance Co., the court found that in order for a defendant to avoid remand of a case in which the plaintiff's complaint alleged two claims, one for breach of contract and the second for bad faith in violation of § 8371, "the Court must decide whether the two claims, when added, meet the jurisdictional amount." 2000 WL 962838, at *2 (E.D. Pa. July 2000).

We are satisfied that because Plaintiffs' Complaint contains two separate and distinct causes of action, each alleging damages in excess of $50,000, the Complaint put Defendant on notice on March 4, 2002, that damages aggregating at least $100,000 were in controversy. Under the circumstances, Defendant failed to timely file its Notice of Removal pursuant to 28 U.S.C. § 1446.

Defendant cites Meritcare Inc. v. St. Paul Mercury Insurance Co., 166 F.3d 214 (3d Cir. 1999), in support of its position that the *ad damnum* clause in Plaintiff's Complaint "is little more than an open ended claim that fails to answer the amount in controversy." Id. at 217. Meritcare is inapposite. In Meritcare, although the plaintiff's complaint alleged damages that were in excess of a particular figure, that figure was substantially less than the jurisdictional amount. The court concluded that such a pleading did not satisfy the amount in controversy requirement.

In the instant case, although each count of Plaintiff's Complaint alleges damages in

excess of a figure that, standing alone, is less than the jurisdictional amount, there are two separate counts.  Each count contains a separate and distinct cause of action, and each alleges injuries that are separate and distinct.  Accordingly, aggregation of damages is appropriate, and the Complaint puts the reader on notice that the amount in controversy is at least $100,000.

## V.      CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand will be granted, and this matter will be remanded to the Philadelphia County Court of Common Pleas.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW and SONIA WYATT      :      CIVIL ACTION
     :
     v.      :
     :
ALLSTATE INSURANCE COMPANY      :      NO. 02-4077

**O R D E R**

AND NOW, this _____ day of December, 2002, upon consideration of Plaintiffs'
Motion to Remand this action to the Philadelphia Court of Common Pleas (Doc. No. 2), and
Defendant's response thereto (Doc. No. 3), it is ORDERED that Plaintiffs' Motion is
GRANTED. The action is remanded to the Philadelphia Court of Common Pleas.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge